Joseph G. Pia, joe.pia@padrm.com, #9945
Tyson B. Snow, tsnow@padrm.com, #10747
PIA ANDERSON DORIUS REYNARD & MOSS
222 S. Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone (801) 350-9000
Facsimile (801) 350-9010

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EOLO SPORT, INC.; and DOES 1-10.<br><br>Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, eTagz, Inc. ("eTagz" or "Plaintiff"), by and through its attorneys, asserts as its Complaint against Defendants Eolo Sport, Inc. ("Eolo Sport") and Does 1-10 (collectively, "Defendants") as follows:

## PARTIES

1.      eTagz is an Indiana corporation, with its principal place of business at 761 West 1200 North, Suite 300, Springville, Utah 84663.  eTagz is engaged in the business of product marketing through the use of a digital labeling system, apparatus, or method.

2.      Upon information and belief, Eolo Sport is a Florida corporation with its principal place of business at 12800 N.W. 38 Avenue, Miami, FL 33054-4525.

3.      Upon information and belief, Eolo Sport is in the business of manufacturing toy products under brand names including its own "Eolo Sport" brand.

4.      Upon information and belief, Eolo Sport has one or more affiliates or shell companies, referred to herein as Does 1-10.

## JURISDICTION AND VENUE

5.      This is a claim for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 281.

6.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

7.      Defendants are subject to personal jurisdiction in the State of Utah (this "State"), consistent with the principles of due process and the Utah Long Arm Statute, because Defendants have offered and continue to offer their products for sale in this State, have transacted business and continue to transact business in this State, have committed and/or induced acts of patent infringement in this State, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

8.      Such infringing products have been offered for sale and sold in this State through various retail stores and Defendants' website, including, but not limited to:  store.eolosport.com.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendants have done business, have infringed, and continue to infringe eTagz' patents within this District, and this action arises from transactions of that business and that infringement.

**GENERAL ALLEGATIONS**

10.     eTagz owns and has all right, title and interest, including standing to sue for past, present or future infringement, in United States Patent No. 6,298,332 (the "'332 Patent," attached as Exhibit A) entitled "CD-Rom Product Label Apparatus and Method," No. 7,503,502 B2 (the "'502 Patent," attached as Exhibit B) entitled "Computer Readable Hang Tag and Product," No. 7,703,686 B2 (the "'686 Patent," attached as Exhibit C) entitled "Consumer-Computer-Readable Product Label and Apparatus," and No. 8,249,919 B2 (the "'919 Patent," attached as Exhibit D) entitled "Computer Readable Medium Product Label Apparatus and Method" (collectively, the "eTagz Patents").

11.     The eTagz Patents involve product marketing and branding through the use of a digital labeling system, apparatus, or method.

12.     A digital labeling system can include a CD, DVD, CD-ROM, memory card, USB flash drive or other digital communication device attached to merchandise.

13.     Use of a digital labeling system creates unique marketing opportunities for vendors and manufacturers of goods.

14.     Information about the manufacturer such as branding, product lines, instruction or application of the product, corollary products, testimonials, interviews, multi-media presentations, and interactivity with purchasers are just some of the benefits that can be obtained by employing a digital labeling system.

15.     Digital labeling systems are used by companies as a means of differentiating their products in the marketplace.

## PATENT INFRINGEMENT

16.     eTagz realleges and incorporates by reference as if fully set forth herein the preceding paragraphs.

17.     eTagz has complied with the provisions of 35 U.S.C. § 287.

18.     Defendants are infringing, contributing to the infringement of, and /or inducing infringement of the '332 Patent, the '502 Patent, the '686 Patent, and the '919 Patent, in violation of 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing infringing products, including but not limited to: the toys marketed as the "Funtrix Yoyo" (the "Infringing Product").

19.     Defendants have infringed at least claim 1 of the '332 Patent, claim 47 of the new claims permitted on re-examination, and any additional claims that may be issued.

20.     Defendants have infringed at least claim 16 of the '502 Patent and any additional claims that may be issued.

21.     Defendants have infringed at least claim 1 of the '686 Patent and any additional claims that may be issued.

22.     Defendants have infringed at least claim 1 of the '919 Patent and any additional claims that may be issued.

23.     Defendants have knowledge of the '332 Patent, the '502 Patent, the '686 Patent, and the '919 Patent and are infringing despite such knowledge.  The infringement has been and continues to be willful and deliberate.

24.     Defendants' infringement has injured eTagz, and eTagz is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25.     Defendants' infringing activities have injured and will continue to injure eTagz unless and until this Court enters an injunction prohibiting further infringement of the '332, '502, '686, and '919 Patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff eTagz respectfully requests that after a trial this Court enter judgment against Eolo Sport, its subsidiaries, affiliates and all persons in active concert or participation with them as Does 1-10, as follows:

A.     An entry of final judgment in favor of eTagz and against Eolo Sport and Does 1-10;

B.     An award of damages adequate to compensate eTagz for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.     An injunction permanently prohibiting Eolo Sport and Does 1-10 and all persons in active concert or participation with any of them from further acts of infringement of the '332, '502, '686, and '919 Patents;

D.     Treble damages as provided for under 35 U.S.C § 284 in view of the knowing, willful, and intentional nature of Defendants' acts;

E.     Awarding eTagz its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C. § 285; and

F.      Such other further relief that eTagz is entitled to under the law, and any other and

further relief that this Court or a jury may deem just and proper.

## **TRIAL BY JURY DEMANDED**

eTagz demands a trial by jury on all issues presented in this Complaint.

DATED:  December 11, 2012

Respectfully submitted,

PIA ANDERSON DORIUS REYNARD & MOSS

/s/ Tyson B. Snow
Joseph G. Pia
Tyson B. Snow

*Attorneys for Plaintiff eTagz, Inc.*

*Of Counsel*
David M. Farnum
ATFirm PLLC
1701 Pennsylvania Ave, NW, Suite 300
Washington, DC 20006
dmfarnum@atfirm.com
202 344-4379

Plaintiff's Address:
eTagz, Inc.
761 West 1200 North, Suite 300
Springville, Utah 84663